DECISION IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Gloria J. Bercaw, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying relator's application for temporary total disability compensation and to find that she is entitled to such compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings *Page 2 
of fact and conclusions of law. (Attached as Appendix A.) In her decision the magistrate determined that (1) Dr. Adebayo accepted the allowed conditions as well as the findings of the examining physician, specified the medical reports he reviewed, and pointed out with some specificity the basis for his opinion, (2) relator's contention that the probative value of Dr. Adebayo's report is highly questionable challenges the weight and credibility of the report, a matter for the commission to determine. Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator filed objections to the magistrate's decision. In them, relator contends the commission relied "upon a reviewing physician's report which cannot be reconciled with the undisputed findings in medical records of the examining physicians' records is bound to accept[.]" (Objections, 2.) Relator contends that even if her condition improved at different times in the record, such information cannot be taken out of context relative to the ultimate issue.
 {¶ 4} As the magistrate pointed out, the record fully supports the conclusion that Dr. Adebayo reviewed and accepted both the allowed conditions in the claim as well as the findings of the examining physician. From that review, Dr. Adebayo concluded "there is not sufficient medical documentation to support that the IW was TTD. Her encounter notes show that she was doing well except for occasional flaring as a result of cold weather." As the magistrate correctly concluded, interpretation of the medical evidence, including whether relator was "doing well," is a matter for a medical expert. Dr. Nobbs clearly disagreed with Dr. Adebayo's assessment and supplied a report explaining the basis for his disagreement. The commission, charged with the responsibility of weighing the credibility of the evidence before it, had the opportunity to review not only Dr. *Page 3 
Adebayo's report, but also Dr. Nobbs' response to that report. In discharging that responsibility, the commission apparently found Dr. Adebayo's report more persuasive in determining whether relator's 1992 injury resulted in the temporary total disability in 2004. Although the commission's staff hearing officer, as an alternative basis to deny the requested compensation, also noted "the lack of contemporaneous medical evidence to indicate that the injured worker was taken off work * * * as a result of the 06/08/1992 injury," we need not address that aspect of the order because the report of Dr. Adebayo supports the commission's determination.
 {¶ 5} In the final analysis, the issue before us is not whether we agree with the commission's assessment of the evidence. Rather, if the commission's decision is supported by some evidence, we lack the ability to substitute our judgment for that of the commission. Because Dr. Adebayo's report supports the commission's determination, we cannot conclude the commission abused its discretion in denying the requested compensation. Relator's objections are overruled.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
 BROWN, J., concurs. TYACK, J., dissents. *Page 4